# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARLAND HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>Defendant. | Case No. 2:19-cv-01631-RFB-DJA<br><br>**ORDER** |

This action, filed by Plaintiff Garland Henderson ("Plaintiff") was commenced on August 16, 2019, (ECF No. 1). The operative Second Amended Complaint was filed on July 27, 2022. (ECF No. 68). In the Amended Complaint, Plaintiff asserts causes of action for violations of the Equal Employment Opportunities statute, 42 U.S.C. § 2000e-2, and Employment Practices statute, NRS § 613.330, against Defendant Clark County School District, ("Defendant"). On June 12, 2024, Defendant filed a Motion for Summary Judgement. (ECF No. 99). Responses were due by July 3, 2024. On July 12, 2024, Plaintiff filed the First Stipulation for an Extension of Time which was granted by the Court extending Plaintiff's deadline to respond to July 24, 2024. (ECF No. 101). On July 25, 2024, Plaintiff filed the Second Stipulation for an Extension of Time which was granted by the Court extending Plaintiff's deadline to respond to August 1, 2024. (ECF No. 103). On August 5, 2024, Plaintiff filed the Third Stipulation for an Extension of Time which was granted by the Court extending Plaintiff's deadline to respond to August 12, 2024. (ECF No. 105). On August 15, 2024, Plaintiff filed the Fourth Stipulation for an Extension of Time which was granted by the Court extending Plaintiff's deadline to respond to August 20, 2024. (ECF No. 107). On August 28, 2024, Plaintiff filed the Fifth Stipulation for an Extension of Time which was granted by the Court extending Plaintiff's deadline to respond to September 3, 2024. (ECF No. 109). No response was filed by the September 3, 2024, deadline. On October 3, 2024, Defendant

filed a Notice of Non-Opposition arguing that Plaintiff's failure to file an opposition or response warranted dismissal of the action, (ECF No. 111). Additionally, Plaintiff filed the Sixth Motion to Extend time on October 3, 2024. (ECF No. 113) In each of the Motions for an Extension of Time, Plaintiff's counsel asserted that she was unable to meet the deadlines set by the Court due to medical challenges she was facing.

On October 7, 2024, the Court entered a Minute Order granting Plaintiff's Sixth Motion for an Extension of Time, and notifying Plaintiff that no additional extensions of time related to Plaintiff's response to Defendant's Motion for Summary Judgement would be granted. (ECF No. 114). Plaintiff did not file their response or opposition by the deadline. On November 25, 2024, the Court held a Motion Hearing regarding Defendant's Motion for Summary Judgement. At the hearing, the Court denied Plaintiff's Seventh Motion for an Extension of Time. (ECF No. 116).

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,

779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal, as this case has been pending for nearly six years. The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a briefing ordered by the Court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). While public policy favors the disposition of cases on their merits, the Court finds that this factor is outweighed by Plaintiff's failure to file an Opposition over four months after the Motion for Summary Judgement was filed. Finally, the "consideration of alternatives" requirement is satisfied. In addition to granting five motions to extend Plaintiff's deadline to respond, the Court issued a Minute Order providing Plaintiff with additional time to respond and advising that no additional requests for extensions of time to respond to Defendant's Motion for Summary Judgement would be granted. See Ferdik, 963 F.2d at 1262 ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal."). Further, Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Thus, Plaintiff had adequate warning that the case would be dismissed if he failed to file a Response.

For the foregoing reasons,

1 **IT IS ORDERED** that this action is dismissed with prejudice based on Plaintiff's failure to file a response to the Motion for Summary Judgement.

3 **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgement accordingly and close the case.

**DATED:** March 27, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**